IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUBLETREE PARTNERS, L.P. | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-08-CV-1547-O |
| LAND AMERICA AMERICAN TITLE COMPANY, ET AL. | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants have filed a motion to transfer this civil action to the Sherman Division of the Eastern District of Texas. For the reasons stated herein, the motion is granted.

I.

This coverage dispute involves a title insurance policy issued by Defendant Lawyers Title Insurance Corporation ("Lawyers Title"), part of the LandAmerica family of underwriters ("LandAmerica"), to Plaintiff Doubletree Partners, L.P. ("Doubletree"). In April 2006, plaintiff purchased approximately 36 acres of undeveloped land in Denton County, Texas, for $3.45 million. (*See* Not. of Removal, Exh. B, Attch. B at 017-27; Def. App., Exh. 1 at 010-18). The property was conveyed by warranty deed subject to 11 permitted exceptions to title, including nine specific easements. (Def. App., Exh. 1 at 017-18). According to defendants, Lawyers Title issued a commitment for title insurance to plaintiff prior to closing on the property. The commitment reflected the terms on which a policy would be issued and included a schedule of exceptions from coverage, Schedule B, specifying that the title policy would not cover loss, costs, attorney's fees, and expenses resulting from certain encumbrances on the property, including the nine specific easements

referenced in the warranty deed. (*Id.*, Exh. 1 at 003-04, ¶ 6; *id.*, Exh. 1 at 033-51). However, when Lawyers Title issued the title policy in April 2006, none of the permitted exceptions listed on the deed or commitment were included in Schedule B. (*See* Not. of Removal, Exh. B, Attch. C at 027-37). Nor were the permitted exceptions to title contained in a replacement policy issued by Lawyers Title in October 2006. (*See* Def. App., Exh. 1 at 004, ¶ 8). It was not until November 2007, when plaintiff refinanced the property and purchased a mortgagee policy for the benefit of the lender, that Lawyers Title included the permitted exceptions on Schedule B to the mortgagee policy. (*See* Not. of Removal, Exh. B, Attch. C at 039-49).

On March 6, 2008, plaintiff, through its attorney, wrote to LandAmerica claiming more than $850,000 in damages for diminished value to the insured property caused by the encumbrances that were omitted from Schedule B on the original title policy and the replacement policy. (Def. App., Exh. 1 at 053-55). LandAmerica responded to the demand letter on April 29, 2008. While acknowledging that the replacement policy in plaintiff's possession was issued with an incomplete Schedule B attachment, LandAmerica denied the claim because those same exceptions were part of the commitment allegedly issued prior to closing. (*Id.*, Exh. 1 at 057-62). In a letter dated May 23, 2008, counsel for plaintiff asked LandAmerica to reconsider its position "in order to avoid litigation." (Not. of Removal, Exh. B, Attch. I at 1). LandAmerica denied the request for reconsideration on June 25, 2008. (*Id.*, Exh. B, Attch. J). It also issued a corrected replacement policy that contained the missing Schedule B exceptions. (Def. App., Exh. 1 at 006, ¶ 12).

On July 1, 2008, Lawyers Title filed a declaratory judgment action against plaintiff in the Sherman Division of the Eastern District of Texas ("the Sherman litigation"), asking the court to determine the respective rights and obligations of the parties under the original title policy, the replacement policy, and the corrected replacement policy. (*Id.*, Exh. 1 at 006-07, ¶¶ 13-17). After

it was served with process in the Sherman litigation, plaintiff sued Lawyers Title, various LandAmerica entities, and Cathy McMullen, a LandAmerica escrow officer, in Texas state court for breach of contract, negligence, fraud, breach of fiduciary duty, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Defendants timely removed the case to Dallas federal court and filed a motion to transfer the action to the Eastern District of Texas.[1] Plaintiff, who has filed a motion to remand the case to state court and a motion for leave to join an additional party, opposes transfer. The venue motion has been fully briefed by the parties and is ripe for determination.

II.

Defendants argue that this case should be transferred under the "first-to-file" rule or, in the alternative, because the facts giving rise to the dispute occurred in the Eastern District of Texas. Plaintiff counters that the court cannot even consider the motion to transfer before it rules on the jurisdictional issues presented in its motion to remand. The court first addresses the order in which the motions must be decided.

A.

"While it is true that courts generally consider subject matter jurisdiction as a preliminary matter, as other federal district courts have recognized, federal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district." *Huntsman Corp. v. International Risk Ins. Co.*, No. 1:08-CV-029, 2008 WL 1836384 at *3 (E.D. Tex. Apr. 22, 2008), quoting *Stewart v. May Dep't Store Co.*, No. 02-2772, 2002 WL 31844906 at *2 n.1 (E.D. La. Dec.

---

[1] Defendants allege that federal subject matter jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). Although plaintiff, a Texas limited partnership, and Defendant Cathy McMullen, a resident of Texas, are nominally citizens of the same state, defendants contend that McMullen was improperly joined by plaintiff in order to defeat diversity jurisdiction. Plaintiff denies any improper joinder and seeks to remand the case to state court. Alternatively, plaintiff has filed a motion for leave to join Sally Sherman, another LandAmerica employee who resides in Texas, as an additional defendant.

12, 2002). *See also Burse v. Purdue Pharma Co.*, Nos. C-04-594-SC & C-04-713-SC, 2004 WL 1125055 at *2 (N.D. Cal. May 3, 2004); *Gould v. National Life Ins. Co.*, 990 F.Supp. 1354, 1362 (M.D. Ala. 1998). Deciding a motion to transfer venue before a motion to remand "is particularly appropriate . . . where a related suit is already pending in the transferee district, the remand motion will not suffer any prejudice as a result of the transfer, and transfer at this juncture permits the court who would ultimately try the case to rule on the remand motion." *Huntsman*, 2008 WL 1836384 at *3, *quoting Stewart*, 2002 WL 31844906 at *2 n.1. Under the circumstances presented here, the court elects to decide the venue motion before the remand motion.

B.

Defendants contend that the "most significant fact strongly favoring transfer" is the prior declaratory judgment action pending in the Sherman Division of the Eastern District of Texas. (*See* Def. Mot. at 4). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citing cases). The rule is based on principles of comity and sound judicial administration. *Id.* "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.*, *quoting West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d, 721, 729 (5th Cir. 1985).

Plaintiff does not dispute that the issues in this case and the issues in the Sherman litigation "substantially overlap." Nevertheless, plaintiff argues that the court should exercise its discretion to hear the case because defendants engaged in improper forum shopping by filing a declaratory judgment action in anticipation of the instant lawsuit. One recognized exception to the "first-to-file" rule is when a party brings a declaratory judgment action in anticipation of litigation by its adversary.

*See Paragon Industries, L.P. v. Denver Glass Machinery, Inc.*, No. 3-07CV2183-M, 2008 WL 3890495 at *4 (N.D. Tex. Aug. 22, 2008). In such cases, application of the "first-to-file" rule may "deprive a potential plaintiff of his choice of forum" and "create disincentives to responsible litigation by rewarding the winner of a race to the courthouse." *Id.*, 2008 WL 3890495 at *4, *quoting Frank's Tong Serv., Inc. v. Grey Wolf Drilling Co., L.P.*, No. H-07-637, 2007 WL 5186798 at *4 (S.D. Tex. Sept. 11, 2007). However, "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it . . . is not in itself improper anticipatory litigation or otherwise abusive forum shopping." *The Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003) (internal quotations omitted). In deciding whether a related declaratory judgment action in another venue is an improper anticipatory suit for purposes of the "first-to-file" rule, the court should consider, *inter alia*, whether "a party engaged in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he could file a preemptive lawsuit." *Chapa v. Mitchell*, No. A-05-CV-769-JN, 2005 WL 2978396 at *2 (W.D. Tex. Nov. 4, 2005), *citing Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967).

Here, there is no allegation, much less proof, of bad faith or improper motive on the part of defendants in filing a declaratory judgment action in the Eastern District of Texas. To the contrary, defendants waited more than five weeks after counsel for plaintiff threatened litigation before seeking declaratory relief. Nor is there any indication that defendants used settlement negotiations as a ruse to induce plaintiff to delay the filing of its lawsuit. *Cf. Chapa*, 2005 WL 2978396 at *2 (declining to apply "first-to-file" rule where declaratory judgment plaintiff led defendants to believe that he was committed to resolving dispute out of court); *Gemmy Industries Corp. v. Blue Ridge Designs, Inc.*, No. 3-99-CV-0008-G, 1999 WL 58785 at *2 (N.D. Tex. Feb. 1, 1999) (same where plaintiff openly encouraged defendant to believe it would cooperate with request to cease-and-desist

while secretly preparing declaratory judgment action). Without evidence to support any recognized exception to the "first-to-file" rule, the court determines that this action should be transferred to the Sherman Division of the Eastern District of Texas.[2]

C.

Even if the court does not follow the "first-to-file" rule, transfer is warranted under 28 U.S.C. § 1404(a). Under that statute:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The general venue statute, 28 U.S.C. § 1391, allows a plaintiff to bring suit against a corporate defendant "in any district in [a] State within which its contacts would be sufficient to subject [the defendant] to personal jurisdiction if that district were a separate State." *Id.* § 1391(c). Noting that the general venue statute often "has the effect of nearly eliminating venue restrictions in suits against corporations," the Fifth Circuit has stated that "[t]he underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) (en banc). In ruling on a motion to transfer venue, the court first must determine whether the plaintiff's claim could have been filed in the judicial district to which transfer is sought. *Id.* at 312. If venue is proper in the transferee district, the defendant must show "good cause" for the transfer. *Id.* at 315. To show "good cause," the defendant must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or

---

[2] To the extent plaintiff argues that the declaratory judgment action should be dismissed for lack of subject matter jurisdiction, for failure to state a claim, for failure to join necessary parties, or for any other reason, (*see* Plf. Resp. Br. at 6-7), that determination must be made by the presiding judge in that case. *See Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992); *Kinetic Concepts, Inc. v. Connetics Corp.*, No. SA-04-CA-0237-XR, 2004 WL 2026812 at *3 (W.D. Tex. Sept. 8, 2004).

the convenience of parties and witnesses, in the interest of justice." *Id.* If the defendant cannot meet this burden, the plaintiff's choice of forum should be respected. *Id.*; *see also I Santi, Inc. v. Great American Ins. Co. of New York*, No. 08-895, 2008 WL 4809432 at *1 (E.D. La. Oct. 31, 2008).

In deciding a transfer motion, the court must consider various private and public interest factors. *In re Volkswagen*, 545 F.3d at 315. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive. *Id.*; *see also Von Graffenreid v. Craig*, 246 F.Supp.2d 553, 562 (N.D. Tex. 2003) (citing cases). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized disputes resolved at home; (3) the familiarity of the forum with the law that governs the action; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen*, 545 F.3d at 315; *Von Graffenreid*, 246 F.Supp.2d at 562. While these factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. *In re Volkswagen*, 545 F.3d at 315. Moreover, no single factor is entitled to dispositive weight. *Id.*

Most of the relevant factors either are neutral or weigh in favor of transferring this case. Neither party disputes that plaintiff could have filed this action in the Eastern District of Texas. Indeed, a substantial part of the operative facts giving rise to plaintiff's claims, including the location of the property that is the subject of the title policy made the basis of this suit, are linked to that district. The distance between the federal courthouses in Dallas and Plano, where the Sherman litigation is pending, is less than 25 miles. (*See* Def. App. at 262). Therefore, the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, and the cost of attendance for willing witnesses will be substantially the same whether

this case remains in the Northern District of Texas or is transferred to the Eastern District of Texas. Similarly, there are no public interest concerns that weigh against transfer. If anything, the localized nature of this dispute, involving property situated in the Eastern District of Texas, favors transfer to that district.

In its response, plaintiff offers only two reasons why this case should not be transferred. First, plaintiff argues that transferring this action to the Eastern District of Texas would deprive the "true plaintiff" of its chosen forum. (*See* Plf. Resp. Br. at 7-8). Although a plaintiff's choice of forum is entitled to substantial weight, that factor has "reduced significance where most of the operative facts occurred outside the district." *Baxa Corp. v. ForHealth Techs., Inc.*, No. 3-05-CV-2274-D, 2006 WL 680503 at *2 (N.D. Tex. Mar. 15, 2006), *quoting Minka Lighting, Inc. v. Trans Globe Imps., Inc.*, No. 3-02-CV-2538-G, 2003 WL 21251684 at *1 (N.D. Tex. May 23, 2003). *See also In re Volkswagen*, 545 F.3d at 314-15. Not only is the subject property located in the Eastern District of Texas, but the underlying transaction closed in that district. The title policy at issue was purchased as part of the closing. (*See* Def. App., Exh. 6 at 236). Plaintiff also points to the possibility of delay and prejudice if the case is transferred because the median time from filing to disposition in the Eastern District of Texas is 2.2 months longer than in the Northern District of Texas. (*See* Plf. Resp. Br. at 9). Even if true, this represents a *de minimus* delay. More significant is the fact that both cases are in the preliminary stages. Neither case is set for trial. The presiding judge in the Sherman litigation has ordered a meeting of counsel by December 15, 2008, and the submission of a joint status report by December 22, 2008. A Rule 16 scheduling conference is set for January 7, 2009. This suggests that the instant case will proceed expeditiously upon transfer to the Eastern District of Texas.

The court recognizes that defendants have not clearly demonstrated that the convenience of the parties and witnesses, a factor given paramount consideration by the Fifth Circuit in *In re Volkswagen*, favors transfer. However, section 1404(a), by its terms, also allows a district court to transfer a case "in the interest of justice." 28 U.S.C. § 1404(a). Although the letter of the statute might suggest otherwise, "it is well established that the interest of justice is a factor . . . to be considered on its own, and is an extremely important one." 15 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3854 at 246 (3d ed. 2007). *See also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986) ("interest of justice" is a separate component of section 1404(a) transfer analysis); *Freeman v. Hoffmann-La Roche, Inc.*, No. 06-CIV-13497(RMB)(RLE), 2007 WL 895282 at *3 (S.D.N.Y. Mar. 21, 2007) (same); *Isbell v. DM Records, Inc.*, No. 3-02-CV-1408-G, 2004 WL 1243153 at *15 (N.D. Tex. Jun. 4, 2004) (same). Transfer is particularly appropriate where, as here, a related case involving the same or similar issues is pending in another court. *See DataTreasury Corp. v. First Data Corp.*, 243 F.Supp.2d 591, 594 (N.D. Tex. 2003) (citing cases). In *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), the Supreme Court observed:

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent. Moreover, such a situation is conductive to a race of diligence among litigants for a trial in the District Court each prefers.

*Id.*, 80 S.Ct. at 1474. Since *Continental Grain*, a number of courts, including the Fifth Circuit, have held that the existence of related litigation in a transferee court is a factor that weighs strongly in favor of transfer. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528-29 (5th Cir. 1988); *see also In re Medrad, Inc.*, 215 F.3d 1341 (Table), 1999 WL 507359 at *2 (Fed. Cir. Jun. 25, 1999);

*Coffey*, 796 F.2d at 221. Where related litigation is pending in the transferee court, the "interest of justice" may dictate transfer notwithstanding any inconvenience to the parties and witnesses. *See, e.g. DataTreasury Corp.*, 243 F.Supp.2d at 594 (citing cases); *Poseidon Oil Pipeline Co. v. Noble Drilling (U.S.) Inc.*, No. 06-5753, 2007 WL 1259219 at *1-2 (E.D. La. Apr. 26, 2007) (transferring related cases based on pendency of earlier action even though other private and public interest factors did not weigh in favor of transfer). In this case, the "interest of justice," standing alone, favors transfer to the Eastern District of Texas. Nothing in *In re Volkswagen* requires a different result.

## CONCLUSION

In light of the first-filed declaratory judgment action pending in the Eastern District of Texas, and because a substantial part of the operative facts giving rise to plaintiff's claims, including the location of the property that is the subject of the title policy made the basis of this suit, are linked to that district, the court determines that transfer is appropriate. Accordingly, defendants' motion to transfer venue [Doc. # 3] is granted. This case is hereby transferred to the Sherman Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.

DATED: December 3, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE